Tuesday, May 10. The Judges delivered their opinions.
Judge Tuckee.
Toss obtained an injunction to thd judgment obtained against him in this Court at the suit of Overton, reported in 3 Call, 309. The case is precisely the sanie, without the smallest variance that I can discover, upon an attentive perusal of that report, and of the present record. The Chancellor, after canvassing the judgihent of this Court with a freedom which few judges of an appellate Court would have indulged towards a subordinate one, perpetuated the injunction.
After the decisions of this Court in the case of Terrel v. Dick, 1 Call, 546. wherein it was settled,- that,- after sc cause has been once fully decided by a Court of Common Law, a Court of Equity will not grant relief; and in the more recent cases of Meredith v. Benning, in November last,(a) and Turpin, Administrator of James, v. Thomas, (the last term,) to the same effect; I think this-Court ought not to suffer a case, decided upon such full and solemn argument and consideration, to- be again discussed upon the same controverted pointssince it would only encourage that endless spirit of litigation,- which has kept this controversy on- foot for four and twenty years, and,- if indulged, would perpetuate it.
I am, therefore, of opinion, that the decree be reversed, - and the plaintiff’s bil dismissed with1 costs.
Judge Roane.-
This- case docs not differ in any material circumstance from that formerly decided by this Court, be— tween the same parties. The grounds of the decision in. *413 shat case were, 1st. That if the arbitrators were even mistaken in their judgment, in point of law, in a doubtful case, this Court ought not to consider itself as an appellate Court, and on that ground (merely) to reverse the judgment; and 2dly. That in fact the arbitrators, in that case, decided upon the law correctly.
The first ground of decision equally applies to the case, before us. There is no doubt but that the parties put themselves upon the judgment of the arbitrators, as to the whole law and equity of the case; and this Court ought not to interfere, on the ground of a mistake in their judgment; at least, Unless the mistake be very palpable. In that case, if the Court should be authorised to interfere, it would be because something like improper conduct would be inferable on the part of the arbitrators. Nothing of that sort, nor even any irregularity, is shewn to have taken place in the present instance ; and, if there were irregularities, it was as competent for the appellee to have taken advantage of them at law as in equity ¿
In this view, I should be loath to interfere in this case, if it were even probable that the arbitrators were mistakes with respect to the equity of the case, A yiew of all the decisions on this subject induces me, however, at least to doubt whether the rule of equity is different from that of law on this question ;■ and as Courts of Equity ought not to interfere when no new circumstance is adduced to vary the ease from that existing, and regularly decided upon at law, I am of opinion, that the decree of the Chancellor should, be reversed.
Judge Fleming.
This appears to me to be a hard case on the part of .Ross, owing principally, perhaps, to his want Of caution in the contract with the Overtons. He, however, at the commencement of the controversy, submitted his cause to judges of his own choosing, men of distinguished talents, and undoubted integrity, who decided: against him in favour of his opponents; and, although, had *414 I been one of the arbitrators, I might, perhaps, have be a different opinion, yet it seems a doubtful case, and I think he was bound, and concluded by the decision of f c: arbitrators. On his refusing to abide by, and perform f1 * award, an action was brought in the District Courtof Richmond, against him on the arbitration bond, to which he pleaded conditions performed, and no award; on which issues being joined, the Jury found for the plaintiff on both, pleas. He then moved the Court in arrest of judgment, and stated his reasons; which the Court overruled, and gave judgment for the plaintiff; from which he appealed1, to this Court; and, after a very solemn and elaborate Argument, the judgment was affirmed by the unanimous opinion of the Court.
Ross then obtained an injunction in the Chancery District Court of Richmond, to stay all further proceedings on the judgment at law; and by his bill, in which the transactions were set forth at great length, prayed that the said judgment might be perpetually enjoined: and, in Jf-’?/, 1803, the Chancellor made a decree accordingly, fi . :;n: which the defendants appealed to this Court.
This case, from a careful inspection of the record, I u> which the record of the proceedings at law is subjoined,) appears to be precisely the same with that which has b en already so solemnly decided, only brought up in a differ '¡'it form; and, on the principles settled in the case of Turpin f Administrator of James, v. Thomas, and some others, in this Court, I have no difficulty in saying that the dec.1 ee> of the Chancery Court is erroneous, and ought to be reversed. .
By the whole Court, (absent Judge Lyons,) decre, ofthc Chancellor reversed.

 1 Hen. & Munf. 585.